ALTUS LAW FIRM
Andrew J. Jaramillo (198303)
andrew.jaramillo@altuslawfirm.com
Sean T. Nguyen (206245)
sean.nguyen@altuslawfirm.com
5 Park Plaza, Suite 200
Irvine, California 92614
(949) 346-3391

Attorneys for Defendant
UNDER ARMOUR, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WALK, an individual,<br><br>                     Plaintiff,<br><br>     vs.<br><br>UNDER ARMOUR, INC., a Maryland Corporation; and DOES 1-50, inclusive,<br><br>                     Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY JURISDICTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant UNDER ARMOUR, INC. ("Defendant") hereby removes to this Court the state court action described herein.

1.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is an action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## THE STATE COURT ACTION

2.    On January 14, 2020, plaintiff ROBERT WALK ("Plaintiff") filed a Complaint against Defendant in the Superior Court of the State of California, County of San Bernardino entitled "ROBERT WALK, an individual, Plaintiff, vs. UNDER ARMOUR, INC., a Maryland Corporation; and DOES 1-50, inclusive, Defendant," and bearing case number CIVDS2001215 (the "Complaint").

3.    On February 20, 2020, Defendant's registered agent for service of process, CT Corporation, was personally served with the Complaint. Attached as Exhibit 1 to this Notice is a true and correct copy of the Complaint.

4.    Also included in that service were the state court Summons, Civil Case Cover Sheet, Certificate of Assignment, Notice of Trial Setting Conference, and two-page document entitled "Alternative Dispute Resolution" (collectively, "Initial State Court Documents").[1] Attached as Exhibit 2 to this Notice is a true and correct copy of the Initial State Court Documents.

5.    Attached as Exhibit 3 to this Notice are the remaining documents filed in state court and constitute the entirety of the state court file.

6.    On March 18, 2020, Defendant removed this matter to this federal court based upon diversity jurisdiction under 28 USC § 1332. The Complaint, Initial State Court Documents and Additional State Court Documents (Exhibits 1-3) at that time constituted the entirety of the state court file and were submitted to federal court in Case No. EDCV 20-00565-CJC (SHKx).

7.    On March 25, 2020, Defendant filed its Answer to Plaintiff's Complaint in federal court.

8.    On March 30, 2020, the federal court (Hon. Cormac Carney) *sua sponte* remanded this matter back to state court, finding Defendant had failed to establish that the

---

[1] Copies of Plaintiffs Complaint and the Initial State Court Documents were previously filed with the Court in Case No. EDCV 20-00565-CJC and need not be refiled. *See Carson Cogeneration Co. v. Scottsdale Ins. Co.*, No. CV 19-10797, 2020 WL 815672, at *2 (C.D. Cal. Feb. 18, 2020). For the convenience of this Court, however, Defendant shall refile copies of these documents.

NOTICE OF REMOVAL

amount in controversy was more than the $75,000 threshold limit for diversity jurisdiction because it was not apparent from the face of Plaintiff's Complaint. A true and correct copy of the Court's Order *Sua Sponte* Remanding Case to San Bernardino County Superior Court is attached as Exhibit 1 to the Declaration of Andrew Jaramillo ("Jaramillo Decl.") filed concurrently herewith.

9.    Accordingly, once back in stat court, Defendant promptly served written discovery on Plaintiff concerning the damages he claims to have incurred as a result of Defendant's purported actions alleged in his Complaint. On July 24, 2020, Plaintiff electronically served his responses to that written discovery. Those responses made clear that the amount in controversy in this lawsuit is greater than $75,000. A true and correct copy of the Plaintiff's Response to Defendant's Form Interrogatories is attached as Exhibit 2 to the Jaramillo Decl.. A true and correct copy of the Plaintiff's Response to Defendant's Requests for Admissions is attached as Exhibit 3 to the Jaramillo Decl.

## **REMOVAL IS TIMELY**

10.    Because Plaintiff's discovery responses which made clear that his lawsuit is valued at more than $75,000 were electronically served on Defendant on July 24, 2020, this Removal is within the 30-day time frame prescribed by 28 U.S.C. § 1446(b); *see also*, *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day time period for removal does not begin to run until service on the defendant). A successive removal is timely if made within thirty-days of receiving the plaintiff's discovery responses. *See Carson Cogeneration Co. supra*, 2020 WL 815672, at *3 ("Plaintiff's verified discovery responses constituted an "other paper" that triggered the thirty-day period for removal.")

11.    When an action is not initially removable, the defendant has 30 days to remove to federal court after receiving a copy of "other paper from which it may first be ascertained" that the case is or has become removable. 28 U.S.C. § 1446(b)(2).  While multiple removals are discouraged, a defendant can file a second removal by relying on new information that was not available at the time of the first removal. The new information may come in the form of an

amended pleading, motion, order, or "other paper." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015).

12.    Indeed, discovery responses establishing jurisdiction can be a basis for a second removal. *See Carson Cogeneration Co.,* 2020 WL 815672 at *2–3 (permitting successive removal when plaintiff's discovery responses allowed defendant to learn partnership's citizenship); *Benson v. SI Handling Systems, Inc.*,188 F3d 780, 782-783 (7th Cir. 1999) (second notice of removal proper where plaintiffs revealed they had sustained damages in excess of $75,000); *Sibilia v. Makita Corp., 782 F. Supp.* 2d 1329, 1331 (M.D. Fla. 2010) (permitting second removal after first removal denied for failure to establish amount in controversy by preponderance of the evidence).

### THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

13.    Complete diversity of citizenship exists in that Plaintiff is a citizen of the State of California (Complaint, ¶ 1) and Defendant is a citizen of the State of Maryland.

14.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must ... be domiciled in the state."). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  According to the Complaint, Plaintiff "is, and at all times mentioned in this complaint was, a resident of San Bernardino County, California." (Complaint, page 2, lines 4-5). Thus, Plaintiff is a citizen of California.

15.    When a party is a corporation, it is considered to be a citizen of both the state in which it is incorporated as well as the state in which it has its principal place of business. 28 USC § 1332(c)(1). As the U.S. Supreme Court held in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), a corporation's principal place of business is its "nerve center," or the "place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Id*.

16.    Defendant is a corporation incorporated under the laws of the State of Maryland. Further, Defendant's principal place of business also is in the State of Maryland, as its nerve

-4-

center is in Baltimore, where its executive officers direct, control and coordinate its activities. Therefore, Defendant is a citizen of Maryland. Indeed, the Complaint acknowledges that Defendant is a Maryland corporation with its principal place of business in Baltimore, Maryland. (See Complaint, ¶ 2).

17.    For purposes of removal jurisdiction, the "citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Thus, the fact that Plaintiff has named Doe Defendants 1 through 100 in the Complaint does not affect this Court's jurisdiction.

## **THE AMOUNT IN CONTROVERSY IS SATISFIED**

18.    Jurisdiction under 28 U.S.C. § 1332(a) is also established because the amount in controversy exceeds $75,000, exclusive of interest and costs.

19.    To establish the amount in controversy in its previous removal of this matter to federal court, Defendant pointed to the allegations in Plaintiff's Complaint pursuant to 28 U.S.C. § 1446(c)(2) (when a defendant seeks removal on diversity grounds, "the sum demanded in good faith [by the plaintiff] in the initial pleading shall be deemed to be the amount in controversy"); *Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398, 400 (9th Cir. 1996) (when the Complaint does not state a specific sum, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the threshold amount); *See also*, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2015) (Defendant need only *plausibly allege* that the amount in controversy is met);

20.    In its Order remanding this matter, however, this Court concluded that "[o]n its face, the Complaint does not establish that the jurisdictional threshold has been met. It is entirely silent on the amount of damages Plaintiff seeks, and includes no information about Plaintiff's wages, income, benefits, or medical expenses, or the potential basis for punitive damages." (See Exh. 1 to Jaramillo Decl. at 3:8-11). Accordingly, this matter was not removable at that time.

21.    As of July 24, 2020, however, this matter became removable based on new information found in Plaintiff's written discovery response, which establish that the amount in controversy is greater than $75,000. 28 U.S.C. §1446(c)(3)(A) was specifically amended in 2011

to clarify that if a case is not initially removable "because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the state proceeding, or in responses to discovery, shall be treated as 'other paper.'"

22.     Indeed, Plaintiff is seeking far more than this in economic damages alone. Specifically, the discovery responses state that Plaintiff has suffered the following losses as a result of Defendant's alleged actions:

  a.   $101,200 - lost wages as of July 2020;

  b.   $30,000 as a result of being forced to cash out a 401k plan;

  c.   $6,000 in additional costs for benefits each year since termination of employment.

(Jaramillo Decl., Exh. 1, pp. 8-10).

23.     Additionally, Plaintiff has expressly acknowledged in his discovery responses that he seeks to recover <u>more</u> than $75,000 in this matter. (Jaramillo Decl., Exh. 2, pp. 4-5).

24.     Finally, it should be noted that the damages identified above are for economic losses only. They do not include any claims for emotional distress, punitive damages, or attorney's fees, all of which Plaintiff seeks to recover in this matter.

25.     Therefore, it is abundantly clear that the minimum amount-in-controversy threshold of $75,000 is satisfied in this action.

## **VENUE IN THIS COURT IS PROPER**

26.     Without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of motion responsive pleading or otherwise, venue for this removed action lies in the Central District of this Court pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c). This action originally was brought in the Superior Court of the State of California, County of San Bernardino, which is located within the Central District of the State of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

NOTICE OF REMOVAL

1

Dated: August 20, 2020

2

/s/ Andrew J. Jaramillo
ALTUS LAW FIRM

3

Attorneys for Defendant
UNDER ARMOUR, INC.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

EXHIBIT 1

Jacob N. Whitehead, Esq. SBN 266123
*reception@jnwpc.com*
WHITEHEAD EMPLOYMENT LAW
15615 Alton Pkwy, Suite 175
Irvine, CA  92618
Tel. (949) 450-8500
Fax (949) 450-1588

Attorneys for Plaintiff, ROBERT WALK

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 4 2020

BY _____
JACQUELINE HARNESS, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO COUNTY

ROBERT WALK, an individual,

      Plaintiff,

      vs.

UNDER ARMOUR, INC., a Maryland
Corporation; and DOES 1-50, inclusive,

      Defendant

Case No.: **CIV DS 2 0 0 1 2 1 5**

**COMPLAINT FOR DAMAGES**

1) **DISABILITY DISCRIMINATION (In Violation of CA Gov't Code § 12940(a))**

2) **FAILURE TO ACCOMMODATE DISABILITY OR PERCEIVED DISABILITY  (In Violation of Gov't Code § 12940 (m))**

3) **RETALIATION (In Violation of Gov't Code §12940(h))**

4) **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (In Violation of Gov't Code § 12940(n))**

5) **WRONGFUL TERMINATION (In Violation of Gov't Code § 12940 et seq. and the Public Policy of California)**

6) **UNFAIR BUSINESS PRACTICE (In Violation of Bus. & Prof. Code §17200)**

**{JURY TRIAL DEMANDED}**

1

CIVIL COMPLAINT

Plaintiff, ROBERT WALK (hereinafter "Plaintiff" or "Mr. Walk"), hereby alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is, and at all times mentioned in this complaint was, a resident of San Bernardino County, California.

2. Defendant, UNDER ARMOUR, INC., (hereinafter "UA" or "Defendant"), is, and at all times mentioned in this complaint was, a corporation organized under the laws of the State of Maryland, qualified as a foreign corporation to conduct business within the state of California with its principal headquarters located at 1020 Hull Street, Baltimore, MD 21230, with various offices located in California.

3. Defendant distributes and sells activewear throughout the United States, both in stores owned and operated directly by Defendant and/or in retail stores owned and operated by other entities.

4. At all times mentioned in this complaint, Plaintiff was an employee of Defendant, at its distribution center located at 2510 W. Walnut Ave., Rialto, CA 92370.

5. Plaintiff is unaware of the true names and capacities of Defendants sued as DOES 1 through 50, inclusive, and therefore Plaintiff sues these Defendants by fictitious names. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is in some manner responsible for the wrongful acts and resulting damage to Plaintiff as alleged in this Complaint. Plaintiff will amend this Complaint to show the true names and capacities of these fictitiously named Defendants after their true names and capacities have been ascertained.

6. Plaintiff is informed and believes that all of the acts and conduct described herein below of each named Defendant and DOES 1 through 50, inclusive, were done in the capacity as managing agents, employees, and/or representatives of each other Defendant, and each such Defendant was acting within the scope of such agency, employment and/or representation in doing the wrongful acts alleged herein below and with permission and consent.

7. On August 7, 2019 Plaintiff filed a Complaint with the Department of Fair Employment and Housing ("DFEH") and received his Notice of Right-to-Sue (DFEH Complaint No. 201908-

2

07139907).   Plaintiff has therefore exhausted his administrative remedies and timely files this action.

8.     The amount in controversy is in excess of the minimum jurisdiction of this court.

## FACTUAL BACKGROUND

9.     Plaintiff began working at UA on or about March 10, 2015. He worked as a non-exempt, full-time Maintenance Mechanic. Plaintiff's primary job duties consisted of maintaining twenty-two miles of conveyor and operating motorized drag rollers (hereinafter, "MDR"), which is a vehicle that transports conveyors through the warehouse. Plaintiff was a hard worker and his attendance and performance was exemplary.

10.     On or around September 24, 2018, Plaintiff was changing a roller on an MDR machine when the MDR severed the tip of his pinky finger. Immediately after the accident, Plaintiff informed Defendant of his injury, sought medical attention, and later returned to work.

11.     Approximately two weeks after returning, Plaintiff was approached as he was clocking in to work and was told Defendant's Human Resources Department ("HR") wanted to speak with him.

12.     When Plaintiff attended the meeting with Defendant's HR, he was blamed for the September 24, 2018 accident and the injury he sustained and was told he did not follow Defendant's "lock out tag out" procedures regarding safety. With no further information provided to him, Plaintiff was thereafter walked out of the distribution warehouse and was told by Defendant that he was no longer employed by Defendant.

13.     Even though Defendant told Plaintiff the reason for his termination was due to Plaintiff's failure to follow safety procedures, at the time of Plaintiff's injury, Defendant had no safety procedures in place for the specific machine that injured Plaintiff while Plaintiff was carrying out his work-related duties.

14.     At the time of Plaintiff's injury, Defendant's standard procedure for repairing MDRs was to disconnect the power cord from the MDR module in order to kill the power to the section of the MDR being worked on. This procedure was in place to prevent the entire conveyor system from being shut down during a repair.

3

15. On the day of Plaintiff's injury, Plaintiff changed the MDR roller exactly as Defendant had shown him on previous occasions. Changing an MDR roller was a common task performed by Defendant's employees.

16. Plaintiff had at no point prior to his injury been trained or advised to lock out tag out the entire machine, as opposed to just the section being worked on, before changing rollers. In fact, Defendant had clearly expressed a company-wide attitude *disfavoring* lock-out of the entire MDR panel when changing a roller because doing so could lead to the loss of computer programming, which Defendant had repeatedly expressed was a much bigger issue to fix than a broken roller.

17. Moreover, the MDR machine which Plaintiff was injured by was not listed in Defendant's safety manual, nor was that particular machine included in the "Lock Out Tag Out" Manual that had been provided to Plaintiff and other employees of Defendant.

18. Additionally, no safety trainings were ever held for the specific machine Plaintiff was injured on during the time of his employment with Defendant.

19. In the over three years Plaintiff had been employed by Defendant, Plaintiff previously changed MDR rollers following the exact same method and procedures that he had on September 24, 2018, the date of his injury. Plaintiff had never once prior received a safety violation for any of the hundreds of times he had previously performed roller changes without a lock out tag out of the entire machine, even though on multiple occasions Defendant's supervisors and managers had witnessed Plaintiff changing the MDR rollers executing the same exact method and procedure as he had done on September 24, 2018.

20. Despite the fact that Defendant had no actual procedures and protocols in place for the machine Plaintiff was working on at the time of his injury, Defendant nonetheless terminated Plaintiff under the pretextual excuse of Plaintiff not having performed the never-before-implemented safety procedure.

21. Even more telling is the fact that Defendant implemented a lock out tag out procedure for MDR machines after Plaintiff became injured and was terminated.

22. Because Plaintiff was terminated for not following a lock out tag out procedure when such a procedure had not even been created for the MDR machine he was working on at the time of his injury,

4

it is clear Plaintiff's termination was motivated by Defendant's desire to unlawfully retaliate against Plaintiff for becoming injured in the first place.

### FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION

#### In Violation of Gov't Code § 12940 et seq.

#### (Against Defendant and Does 1-50, Inclusive)

23.   Plaintiff realleges each and every allegation contained in all previous paragraphs of this Complaint and incorporates the same as though set forth in full herein.

24.   At all material times hereto, the provisions of California Government Code §§ 12940 et seq., (the FEHA) were in full force and effect and were binding upon Defendant, and each of them.

25.   Under section 12940 (a) of the FEHA, it is unlawful employment practice for an employer, because of a physical disability, mental disability, or medical condition, to bar or to discharge a person from employment or to discriminate against the person in compensation or in other terms, conditions, or privileges of employment.

26.   Moreover, the public policy of the state of California is clearly set out in Labor Code § 132a, which prohibits employers from discriminating against "workers who are injured in the course and scope of their employment."

27.   Defendant violated the FEHA and the public policy of California, by discriminating against Plaintiff by discharging Plaintiff because of his injury sustained while serving Defendant.

28.   Defendant was aware of Plaintiff's disability because after being injured on the job on September 24, 2018, Plaintiff informed Defendant's managers and supervisors about the incident and about his injury.

29.   Defendant knew of the injury and then discriminated against the Plaintiff on the basis of his disability in violation of the FEHA. Defendant, through its officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct described above.

30.   Defendant's violation of the FEHA was the proximate cause of Plaintiff's damages as stated below.

---

5

---

31.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, economic damages in an amount to be proven at trial, which include, but are not limited to back pay and front pay.

32.   As a further direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

33.   Defendant's actions, listed above, were done with malice, fraud and/or oppression, and in reckless disregard of Plaintiff's rights with the intent, design, and purpose of injuring Plaintiff. Accordingly, Plaintiff is entitled to recover and seeks punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

34.   Pursuant to California Government Code § 12965(b), Plaintiff requests a reasonable award off front pay, back pay, emotional distress damages and attorney's fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY OR PERCEIVED DISABILITY

### In Violation of California Government Code §§ 12940 (m)

### (Against Defendant and Does 1-50, Inclusive)

35.   Plaintiff realleges each and every allegation contained in all previous paragraphs of this Complaint and incorporates the same as though set forth in full herein.

36.   At all material times hereto, California Government Code § 12940 (m) was in full force and effect and were binding upon Defendant, and each of them.

37.   The FEHA required Defendant accommodate Plaintiff's disability or perceived disability.

38.   Under the law, a reasonable accommodation may include allowing an injured employee light duty work restrictions, rescheduling of work hours, or if necessary to take leave of absence for a definite period of time.

39.   Defendant was aware of Plaintiff's injury and disabilities.

40.   Plaintiff was released by his doctor to return to work and in fact did so for a brief couple of weeks.

6

41. Plaintiff was willing and able to resume the duties of his position, as evidenced by the fact that he in fact returned to work, and Plaintiff could have performed the duties of his position with reasonable accommodation.

42. At no time would the performance of the essential functions of Plaintiff's employment position, even with an accommodation, have been a danger to Plaintiff's or any other person's health and safety.

43. Accommodation of Plaintiff's disability as it was perceived by Defendant would not have imposed an undue hardship on Defendant.

44. However, instead of attempting to accommodate Plaintiff's disabilities, Plaintiff was summoned to Defendant's HR office and summarily terminated.

45. Defendant, through its officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct listed above.

46. Defendant's violation of the FEHA was a proximate cause in Plaintiff's damage as stated below.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, economic damages in an amount to be proven at trial, which include but are not limited to back pay and front pay.

48. As a further direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

49. Defendant's actions, listed above, were done with malice, fraud and/or oppression, and in reckless disregard of Plaintiff's rights with the intent, design, and purpose of injuring Plaintiff. Accordingly, Plaintiff is entitled to recover and seeks punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

50. Pursuant to California Government Code § 12965(b), Plaintiff requests a reasonable award of attorney's fees and costs.

CIVIL COMPLAINT

# THIRD CAUSE OF ACTION

## RETALIATION

### In Violation of California Government Code §§ 12940 (h)

#### (Against Defendant and Does 1-50 Inclusive)

51.   Plaintiff realleges each and every allegation contained in all previous paragraphs of this Complaint and incorporates the same as though set forth in full herein.

52.   At all material times hereto, California Government Code §§ 12940 (h) was in full force and effect and were binding upon Defendant, and each of them.

53.   The FEHA required Defendant to refrain from retaliating against an employee for engaging in protected conduct, including requesting accommodation for a work-related injury and/or disability, not to mention sustaining a work-related injury which would entitle an employee to request an accommodation or to file a workers compensation suit in the first place.

54.   As is more fully set forth in paragraphs 13 through 22 above, it is clear Plaintiff's termination was motivated by Defendant's desire to unlawfully retaliate against Plaintiff for becoming injured at work while following company policy and procedure.

55.   Defendant violated the FEHA and the public policy of the state of California by discriminating and retaliating against Plaintiff for getting injured at work and thereby becoming entitled to an accommodation for his disabilities and even to file a workers compensation claim in relation to the disabilities caused by his work-related injury.

56.   Defendant, through its officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct listed above.

57.   Defendant's violation of the FEHA and the public policy of California were a proximate cause of Plaintiff's damage as stated below.

58.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, economic damages in an amount to be proven at trial, which include but are not limited to back pay and front pay.

8

59.   As a further direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

60.   Defendant's actions, listed above, were done with malice, fraud and/or oppression, and in reckless disregard of Plaintiff's rights with the intent, design, and purpose of injuring Plaintiff. Accordingly, Plaintiff is entitled to recover and seeks punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

61.   Pursuant to California Government Code § 12965(b), Plaintiff requests a reasonable award of attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

#### In Violation of California Government Code §§ 12940 (n)

#### (Against Defendant and Does 1-50, Inclusive)

62.   Plaintiff realleges each and every allegation contained in all previous paragraphs of this Complaint and incorporates the same as though set forth in full herein.

63.   At all material times hereto, California Government Code §§ 12940 (n) was in full force and effect and was binding upon Defendant, and each of them.

64.   The FEHA required Defendant to engage in good faith with Plaintiff in an interactive process to determine whether or not they could accommodate his disability or perceived disability.

65.   Under the law, a reasonable accommodation may include allowing an injured employee light duty work restrictions, rescheduling of work hours, or if necessary to take leave of absence for a definite period of time.

66.   Defendant was aware of Plaintiff's injury and disabilities.

67.   Plaintiff was released by his doctor to return to work and in fact did so for a brief couple of weeks.

68.   Plaintiff was willing and able to resume the duties of his position, as evidenced by the fact that he in fact returned to work, and Plaintiff could have performed the duties of his position with reasonable accommodation.

9

CIVIL COMPLAINT

69. At no time would the performance of the essential functions of Plaintiff's employment position, even with an accommodation, have been a danger to Plaintiff's or any other person's health and safety.

70. Accommodation of Plaintiff's disability as it was perceived by Defendant would not have imposed an undue hardship on Defendant.

71. However, instead of attempting to accommodate Plaintiff's disabilities, Defendant altogether failed to bother to engage with Plaintiff in an interactive process to determine whether Defendant could accommodate his disabilities. Instead, Plaintiff was summoned to Defendant's HR office, summarily terminated, and escorted out of the building.

72. Defendant, through its officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct listed above.

73. Such conduct of Defendant constitutes a failure to engage in the interactive process as required by the FEHA, and were a proximate cause in Plaintiff's damages as state below.

74. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, economic damages in an amount to be proven at trial, which include but are not limited to back pay and front pay.

75. As a further direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

76. Defendant's actions, listed above, were done with malice, fraud and/or oppression, and in reckless disregard of Plaintiff's rights with the intent, design, and purpose of injuring Plaintiff. Accordingly, Plaintiff is entitled to recover and seeks punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

77. Pursuant to California Government Code § 12965(b), Plaintiff requests a reasonable award of attorney's fees and costs.

/

//

_____ 10 _____

CIVIL COMPLAINT

# FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION

### In Violation of the Public Policy of California

### (Against Defendant and Does 1-50, Inclusive)

78.   Plaintiff realleges each and every allegation contained in all previous paragraphs of this Complaint and incorporates the same as though set forth in full herein.

79.   Under the FEHA it is unlawful employment practice for an employer, because of a physical disability, mental disability, or medical condition, to bar or to discharge a person from employment or to discriminate against the person in compensation or in other terms, conditions, or privileges of employment.

80.   Moreover, the public policy of the state of California is clearly set out in Labor Code § 132a, which prohibits employers from discriminating against "workers who are injured in the course and scope of their employment."

81.   Defendant violated the public policy of California, by retaliating against Plaintiff and discharging Plaintiff because of an injury he sustained within the scope of his work and employment.

82.   Defendant was aware of Plaintiff's disability because after being injured on the job on September 24, 2018, Plaintiff informed Defendant's managers and supervisors about the incident and about his injury.

83.   Defendant knew of the injury and then retaliated against the Plaintiff on the basis of his disability in violation of the FEHA by terminating his employment because he sustained a work-related injury. Defendant, through its officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct described above.

84. Defendant has violated the public policy of the State of California by retaliating against Plaintiff for a disability he suffered after he sustained a work related injury and in contravention of the FEHA failed to accommodate or engage Plaintiff in the interactive process. Instead they leapfrogged over the statutory requirements and policies of the FEHA and discharged Plaintiff instead, which actions constitute a wrongful termination in violation of the public policy of California.

11

85. Defendant's violations of the public policy of California as outlined in the Labor Code, the FEHA as claimed herein, and were the proximate cause of Plaintiff's damages as stated below.

86. Defendant had actual and constructive knowledge of the conduct described in this complaint.

87. As a direct and proximate result of DEFENDANT's unlawful conduct, Plaintiff has suffered, and continues to suffer, economic damages in an amount to be proven at trial, which include but are not limited to, back pay and front pay.

88. As a further direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

89. Defendant's actions, listed above, were done with malice, fraud and/or oppression, and in reckless disregard of Plaintiff's rights with the intent, design, and purpose of injuring Plaintiff. Defendant, through its officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct listed above. Accordingly, Plaintiff is entitled to recover punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

90. As a result of the discriminatory conduct of Defendant, Plaintiff is entitled to costs of suit, including reasonable attorney's fees pursuant to Government Code Section 12965(b).

### SIXTH CAUSE OF ACTION

**UNFAIR BUSINESS PRATCTICE**
**In Violation of Business & Professions Code §17200**

**(Against Defendant and Does 1-50, Inclusive)**

91. Plaintiff realleges each and every allegation contained in all previous paragraphs of this Complaint and incorporates the same as though set forth in full herein.

92. On information and belief, Plaintiff alleges that, by their policy of terminating employees who are injured while on the job, and by violating the FEHA as set forth in the prior causes of action 1 through 5, the acts of Defendant constitute unfair and unlawful business practices under Business and Professions Code 17200 et seq.

12

CIVIL COMPLAINT

93.    Defendant prohibited Plaintiff from continuing to work for Defendant because he was injured on the job and despite the fact that Plaintiff was able to perform the essential duties of his job with reasonable accommodation. Without engaging in any interactive process to determine what, if any, reasonable accommodation of Plaintiff's disability would allay whatever concerns Defendant may have had regarding Plaintiff's future performance, Defendant simply terminated Plaintiff's employment.

94.    Plaintiff was terminated in acts of pure retaliation because he was injured at work while following company policy and procedure and thereby became entitled to accommodation or to file a workers compensation claim.

95.    Plaintiff's termination in violation of the FEHA and the Public Policy of the State of California constitutes a business practice because it was done deliberately, in a systematic manner during the normal course of business to the detriment of Plaintiff.

96.    Accordingly, Plaintiff requests restitution, including, but not limited to lost income and back pay in amount according to proof at time of trial.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF** demands judgment against Defendant, and each of them, as follows:

## ON FIRST, SECOND, THIRD, & FOURTH CAUSES OF ACTION:

**1.**  For compensatory damages, lost income, and other appropriate economic damages, in an amount according to proof at the time of trial;

**2.**  For a money judgment for emotional distress and mental pain, anguish and suffering, according to proof;

**3.**  For punitive damages in an amount according to proof at the time of trial;

**4.**  For attorneys' fees and costs of suit, including attorney's fees pursuant to the FEHA, and/or any other basis;

**5.**  For prejudgment and post-judgment interest as allowed; and

**6.**  For such other relief as may be just and proper.

_____ 13 _____

CIVIL COMPLAINT

## ON SIXTH CAUSE OF ACTION:

**1.** For restitution, including, but not limited to, disgorgement of profits, lost income and back pay in amount according to proof at time of trial;

**2.** That Defendant further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200;

**3.** For such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial of all issues by jury.

DATED:       January 9, 2020                    WHITEHEAD EMPLOYMENT LAW

By: _____

Jacob Whitehead
Attorneys for Plaintiff,
Robert Walk

14

CIVIL COMPLAINT

EXHIBIT 2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNDER ARMOUR, INC., a Maryland Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT WALK, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**JAN 1 4 2020**

BY _____
JACQUELINE HARNESS, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino County Superior Court, County of San Bernardino District - Civil Division, 247 W Third Street, San Bernardino, CA 92415-0210

CASE NUMBER: *(Número del Caso)*
CIVDS 2001215

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jacob Whitehead, Whitehead Employment Law, 15615 Alton Parkway, Suite 175, Irvine, CA 92618

DATE:
*(Fecha)* January 9, 2020        **JAN 1 4 2020**        Clerk, by **JACQUELINE HARNESS**, Deputy
                                                        *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* UNDER ARMOUR, INC., a Maryland Corporation

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jacob N. Whitehead, Esq. SBN 266123
**WHITEHEAD EMPLOYMENT LAW**
15615 Alton Pkwy., Suite 175
Irvine, CA 92618

TELEPHONE NO.: (949) 450-8500    FAX NO.: (949) 450-1588
ATTORNEY FOR *(Name):* Robert Walk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 W. Third Street
MAILING ADDRESS: 247 W. Third Street
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: San Bernardino County

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 4 2020

BY _____
JACQUELINE HARNESS, DEPUTY

CASE NAME:
Walk v. Under Armour, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CIV DS 2 0 0 1 2 1 5 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (38) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/9/2020

Jacob Whitehead, Esq.
_____
(TYPE OR PRINT NAME)    ► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ROBERT WALK

Case No.: **CIV DS 2 0 0 1 2 1 5**

vs.

**CERTIFICATE OF ASSIGNMENT**

UNDER ARMOUR, INC. et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino _____ District of the Superior Court under Rule 131 and General Order of this court for the checked reason:

| ☑ General | ☐ Collection |
|---|---|
| **Nature of Action** | **Ground** |
| 1. Adoption | Petitioner resides within the district. |
| 2. Conservator | Petitioner or conservatee resides within the district. |
| 3. Contract | Performance in the district is expressly provided for. |
| 4. Equity | The cause of action arose within the district. |
| 5. Eminent Domain | The property is located within the district. |
| 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| 9. Mandate | The defendant functions wholly within the district. |
| 10. Name Change | The petitioner resides within the district. |
| 11. Personal Injury | The injury occurred within the district. |
| 12. Personal Property | The property is located within the district. |
| 13. Probate | Decedent resided or resides within or had property within the district. |
| 14. Prohibition | The defendant functions wholly within the district. |
| 15. Review | The defendant functions wholly within the district. |
| 16. Title to Real Property | The property is located within the district. |
| 17. Transferred Action | The lower court is located within the district. |
| 18. Unlawful Detainer | The property is located within the district. |
| 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ 20. Other | |
| ☐ 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

UNDER ARMOUR, INC.
NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR

1020 Hull Street
ADDRESS

Baltimore
CITY

MD
STATE

21230
ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 1/9/2020 _____ at Irvine _____ California.

Signature of Attorney/Party

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                    CASE NO: CIVDS2001215
    WHITEHEAD EMPLOYMENT LAW
    15615 ALTON PKWY
    SUITE 175
    IRVINE CA 92618

                        NOTICE OF TRIAL SETTING CONFERENCE


IN RE: WALK -V- UNDER ARMOUR

THIS CASE HAS BEEN ASSIGNED TO: DONALD  ALVAREZ IN DEPARTMENT S23
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 07/14/20 at  8:30 in Dept. S23


DATE: 01/14/20  Nancy Eberhardt, Court Executive Officer
                                        By: JACQUELINE HARNESS
------------------------------------------------------------------------
------------------------------------------------------------------------
                        CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 01/14/20
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 01/14/20 at San Bernardino, CA

                                BY: JACQUELINE HARNESS



## Superior Court of California-County of San Bernardino

# ALTERNATIVE DISPUTE RESOLUTION

### What is Alternative Dispute Resolution?

There are different processes available to settle lawsuits that do not require a trial. In Alternative Dispute Resolutions (ADR) a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. These persons are *neutrals*, who are normally chosen by the disputing parties or the court.

### Advantages of ADR

- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing the parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- ADR can be used, even after a lawsuit, if the result is appealed.

### Disadvantages of ADR - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error if by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

### The Most Common Types of ADR: Mediation and Arbitration

#### Mediation

In mediation, the mediator (*a neutral*) assists the parties in reaching a mutually acceptable resolution of their dispute.

- Unlike lawsuits or some other types of ADR, the parties, rather the mediator   decide how the dispute is to be resolved.
- ADR is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.
- ADR can be particularly effective when parties have a continuing relationship, such as neighbors or businesses.
- ADR can be also very effective where personal feelings are getting in the way of a resolution.

#### Arbitration

In arbitration, the arbitrator (*a neutral*) reviews evidence, hears arguments, and makes a decision (*award*) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration may be more informal, quicker, and less expensive than a trial.

There are two types of arbitration in California:

- **Private arbitration** by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.
- **Judicial arbitration** ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable award at trial, the party may have to pay a penalty.

## More Information

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender Reconciliation Program, and summary trial jury. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most likely to resolve your particular dispute.

The selection of a neutral is also an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals.

Agreements reached through ADR normally are put into writing and, if the parties wish, may become binding contracts that can be enforced by the court.

ADR can be used to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral. ADR has also been used to resolve disputes even after trial, when the result is appealed.

You may wish to seek the advice of an attorney as to your legal rights and matters relating to the dispute before pursuing ADR.

**To locate a dispute resolution program or neutral in your community:**

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association, or;
- Look in a phone directory under mediation or arbitration services.

The following alternate dispute resolution service providers are under contract with the County of San Bernardino to provide services for the listed types of matters under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Civil, family law (except custody and support)*
*Landlord-tenant, unlawful detainers, small claims:*
**Program Director: Lynne Anderson, Executive Director**
**City Center Building**
**Inland Fair Housing & Mediation Board**
**10681 Foothill Boulevard, Suite 101**
**Rancho Cucamonga, CA 91730**
**909-984-2254 or 800-321-0911**
**Fax: 909-460-0274**
*www.inmedbd.com*

**

EXHIBIT 3

# CIV-200529-CIV-DS2001215-REJ2-114704



## Scanned Document Coversheet

System Code:   CIV

Case Number:   DS2001215

Case Type:     CIV

Action Code:   REJ2

Action Date:   05/29/20

Action Time:   11:47

Action Seq:    0004

Printed by:    ANGAR

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

# Notice of Return of Document(s)



NEW FILE

SUPERIOR COURT - COUNTY OF SAN BERNARDINO
San Bernardino District - Civil
247 West Third Street

San Bernardino CA 924150210

Office Hours: 8 a.m.- 4 p.m.


TO:

FROM: SAN BERNARDINO COUNTY SUPERIOR COURT-San Bernardino District - Civil

---

### NOTICE OF RETURN OF DOCUMENT(S)

---

CASE NUMBER: CIVDS2001215
CASE NAME:   WALK -V- UNDER ARMOUR


   COMMENTS:

      NTC OF CHANGE OF ADDRESS is returned by Court for the following
      reason(s): COUNSEL HAS NOT APPEARED ON CASE NOR HAS DEFENDANT.


Note:  Please keep this notice attached when resubmitting.  Thank You.


06/15/20                    By:  ANGELINE GARCIA
                                 _____
                                 Deputy Clerk


---

NOTICE RETURNING DOCUMENT(S)

Notice 'NOR' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVDS2001215 on  6/15/20:


    ALTUS LAW FIRM
    9 EXECUTIVE CIRCLE
    SUITE 275
    IRVINE, CA 92614

# CIV-200624-CIV-DS2001215-FFNOT-172102



## Scanned Document Coversheet

System Code:   CIV
Case Number:   DS2001215
Case Type:     CIV
Action Code:   FFNOT
Action Date:   06/24/20
Action Time:   5:21
Action Seq:    0002
Printed by:    SNEUB

> THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Notice of RETURN OF DOCUMENTS sent.



NEW FILE

COUNTY OF SAN BERNARDINO SUPERIOR COURT
SAN BERNARDINO JUSTICE CENTER
247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210


**NOTICE**
CASE NO: CIVDS2001215


TITLE OF CASE: WALK -V- UNDER ARMOUR

RETURN OF DOCUMENTS}
NOTICE OF CHANGE OF ADDRESS IS RETURNED BY COURT FOR THE FOLLOWING
REASON(s): DEFENDANT UNDER ARMOUR HAS NOT APPEARED ON THE CASE. AS OF
6/24/20 AN ANSWER HAS NOT BEEN RECEIVED.


DATE: 06/29/20    Nancy Eberhardt, Court Executive Officer
                                    BY: SAMANTHA NEUBAUER
----------------------------------------------------------------------
----------------------------------------------------------------------

CERTIFICATE OF SERVICE BY MAIL

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address.I am not a party to this action
and on the date and place shown below,I served a copy of the above
listed notice by:
(  ) Enclosed in an envelope mailed to the interested party address
     above, for collection and mailing this date, following ordinary
     business practice.
(  ) Enclosed in a sealed envelope, first class postage prepaid in the
     U.S. mail at the location shown above,mailed to the interested
     party and addressed as shown above, or as shown on the attached
     listing.         .


Executed on 06/29/20, at San Bernardino, California.

                              By: SAMANTHA NEUBAUER
                              _____
                                        Deputy Clerk

Notice 'FFNOT' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVDS2001215 on  6/29/20:


ALTUS LAW FIRM
9 EXECUTIVE CIRCLE
SUITE 275
IRVINE, CA 92614

# CIV-200804-CIV-DS2001215-SO-122602



## Scanned Document Coversheet

System Code:   CIV

Case Number:   DS2001215

Case Type:   CIV

Action Code:   SO

Action Date:   08/04/20

Action Time:   12:26

Action Seq:   0002

Printed by:   VGONZ

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Stipulation and Order Re: PROTECTIVE ORDER filed.



NEW FILE

BY FAX

1  ALTUS LAW FIRM
   Andrew J. Jaramillo (198303)
2  andrew.jaramillo@altuslawfirm.com
   Sean T. Nguyen (206245)
3  sean.nguyen@altuslawfirm.com
4  9 Executive Circle, Suite 275
   Irvine, California 92614
5  (949) 346-3391

6  Attorneys for Defendant
7  UNDER ARMOUR, INC.

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

AUG - 4 2020

BY_____
VERONICA GONZALEZ, DEPUTY

8

9         SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                COUNTY OF SAN BERNARDINO

11

12  ROBERT WALK, an individual,          )  Case No.: CIVDS2001215
                                         )
13              Plaintiff,               )  Assigned to the Honorable
                                         )  Donald Alvarez
14      vs.                              )  Dept. S23
                                         )
15  UNDER ARMOUR, INC., a Maryland       )  **STIPULATION FOR PROTECTIVE**
16  Corporation; and DOES 1-50, inclusive, )  **ORDER AND [PROPOSED] ORDER**
                                         )  **REGARDING DISCLOSURE AND USE**
17              Defendant.               )  **OF CONFIDENTIAL AND/OR**
                                         )  **PROPRIETARY INFORMATION**
18                                       )
                                         )
19                                       )  Complaint Filed:   January 14, 2020
                                         )  Trial Date:        None
20  _____

21      TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND THEIR

22  ATTORNEYS OF RECORD:

23      IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Robert Walk

24  ("Plaintiff"), on the one hand and Defendant Under Armour, Inc. ("Defendant") on the other

25  hand (Plaintiff and Defendant are hereinafter collectively as the "Parties" or a "Party"), by and

26  through the undersigned, as follows:

27      WHEREAS:

28      Certain of the Parties to this action have requested information and documents and

                                    -1-

**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER**

certain of the Parties contend the disclosure of some, but not all, responsive information would entail the disclosure of private, sensitive, confidential and/or proprietary information, including but not limited to: documents containing information relating to sensitive company matters, disciplinary action involving current and former employees, third parties not involved in the current lawsuit, proprietary business information, contracts and financial records, and other confidential information.

Issuance of a protective order is appropriate pursuant to California Code of Civil Procedure Sections 2016.030, 2025.420(b)(13), 2030.090(b)(6), 2031.060(b)(5) and 2033.080(b)(4) to protect, among other things, such confidential information.

IT IS HEREBY STIPULATED AND AGREED by all Parties to the above-captioned action (the "Action"), through their undersigned counsel, and subject to the approval of the Court, the following provisions shall govern documents and information produced in this Action:

1.      Designated Material. Documents, including but not limited to e-mail communications and sensitive employee records, designated as "CONFIDENTIAL" by the person or entity producing, providing, filing or lodging it or by any party to this action (the "Designating Person"). All "CONFIDENTIAL" information and material, and all information or material derived from it, constitutes "Designated Material" under this Stipulation and Order.

2.      Access to Designated Material. Designated Material shall not be otherwise used or disclosed for any purposes whatsoever, except in connection with the litigation of the Action (including for full use for any private mediation, mandatory settlement conference, deposition, motion, trial, or appeal), and may be disclosed only to the following persons:

(a)      the named Parties to this action and their officers, directors and/or employees, and those employees employed as of the date the document was created who were in a position to have access to the document;

(b)      the Parties' counsel, including in-house counsel, and such counsel's legal associates, paralegals, secretaries, and members of respective offices' respective;

(c)      independent experts or consultants and their staffs specifically retained to assist counsel in this litigation, provided that any such experts or consultants shall, prior to any

-2-

**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER**

1   disclosure, execute an undertaking to be bound by this Stipulation and Order (in the form
2   attached hereto as Exhibit A), which shall be maintained at the office of counsel retaining such
3   expert or consultant and produced to opposing counsel at the earlier of the first designation of
4   expert witnesses or the conclusion of the action;

5          (d)    third parties specifically retained by counsel for Parties to this action (or
6   their legal associates and their offices' staffs) for copying or computer coding of documents, but
7   only for such copying or computer coding purposes;

8          (e)    the Court, court reporters, and court officers, pursuant to paragraph 7 of
9   this Stipulation and Order;

10         (f)    any witness shown the document in a deposition in this litigation; and

11         (g)    any individual retained as a mediator or settlement officer and their staffs.

12      3.    <u>Copies of Designated Material.</u> The Party requesting confidentiality shall identify
13  the documents as such and said materials shall be duplicated with the identifier as confidential.
14  Copies and extracts of Designated Material may be made by or for only those persons authorized
15  by paragraph 2 to review such materials, provided that all copies and extracts are appropriately
16  marked as "CONFIDENTIAL. All copies and extracts of Designated Material are subject to the
17  provisions of this Stipulation and Order as though they were original Designated Material.

18      4.    <u>Custody of Designated Material.</u> All documents containing information
19  Designated "CONFIDENTIAL" and notes or other records regarding that information shall be
20  maintained in the custody of the Parties' outside and/or in-house counsel, and no partial or
21  complete copies thereof containing Designated Material shall be retained by anyone else at any
22  location, except that independent experts and consultants may retain documents on a temporary
23  basis for purposes of study, analysis and preparation of the case.

24      5.    <u>Designating Documents.</u> The designation of all or a portion of a document as
25  "CONFIDENTIAL" shall be made by placing such legend on each designated page of the
26  document prior to production.  In the case of a document produced by a non-party that is not the
27  Designating Person with respect to such document, Defendant reserves its right to seek a
28  protective order on behalf of itself, or another third-party, to deem such document

-3-

---

**STIPULATION FOR PROTECTIVE ORDER AND [<s>PROPOSED</s>] ORDER**

CONFIDENTIAL and subject to the terms of this Stipulation and Order.

6. <u>Designating Depositions.</u>

(a) Documents that are confidential and are thereafter attached to deposition transcripts shall remain "CONFIDENTIAL."

(b) Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided (i) that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material, and (ii) that either the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Stipulation and Order, or the deposition witness is a current or former officer, director, member, partner or employee of the Designating Person with respect to such Designated Material.

7. <u>Procedures for Filing Records Under Seal.</u>

(a) Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by California Rules of Court, Rules 2.550 and 2.551, the party shall follow those rules. With respect to discovery motions or other proceedings not governed by the California Rules of Court, Rules 2.550 and 2.551, the following shall apply: If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED." When entering into this Stipulation, the parties remain mindful of CRC, Rule 2.550(c).

(b) To the extent permitted by the Court, upon request of a party, any hearing which may refer to or describe Designated Material shall be held *in camera.*

(c) Notwithstanding (a) above, upon written agreement and/or stipulation by all Parties, specific Designated Material may be lodged and/or filed, or offered for admission as evidence, not under seal in connection with any. motion, proceeding or trial in this matter, and such use of or offering in evidence of the Designated Material shall not constitute a breach of

-4-

**STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER**

this agreement.

       (d)    All documents deemed subject to this protective order can be presented to a jury, but not in a manner readily viewable to the general public.

       8.    <u>Objections</u>.  A party may challenge the propriety of any designation under this Stipulation and Order at any time.  A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Material as to which the designation is challenged, state the basis for each challenge, and propose a new designation for each item.  The challenged material shall be deemed re-designated as proposed unless, within thirty (30) calendar days after service and within thirty (30) calendar days of the parties  meeting and conferring on the issue, the Designating Person has filed and served a motion for a protective order to maintain the original designation or to establish other confidentiality  protections.  The Designating Person shall have the burden of proof regarding whether the challenged material should maintain original designation.  The matter designated as CONFIDENTIAL will no longer be subject to the terms of this protective order unless the appropriate motion is filed within the thirty (30) day time period.   However, the matter will be considered CONFIDENTIAL from the time the original designation is made until otherwise ordered by the Court or until the designating party shall have failed to file a motion as required by this paragraph.

       9.    <u>No Prejudice.</u>

       (a)    Nothing in this Stipulation and Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of any information or material.

       (b)    This Stipulation and Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents before the disclosure takes place.

       (c)    The Parties shall exert their best efforts to assert any claims of confidentiality prior to the disclosure of any discovery materials, but will not be precluded from a later designation of documents and information up to and including one hundred twenty (120

-5-

**STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER**

days following any such disclosure. The production of any document by any party shall be without prejudice to any claim by the producing party that such material should have been designated as "CONFIDENTIAL." Claims of confidentiality may be asserted in writing and with particularity within a reasonable time after learning of such inadvertent or mistaken disclosure and such documents shall be treated as if the claim were made prior to disclosure.

If within a reasonable time after such documents are inadvertently or mistakenly disclosed, the producing party asserts a claim that such documents are "CONFIDENTIAL," the receiving party shall take prompt steps to ensure that all known copies of such documents are returned promptly to the producing party for designation as such and prompt return to the receiving party. The Parties may thereafter contest such claims of confidentiality, as set forth herein.

10.  <u>Discovery Obtained by Other Means.</u> This Stipulation is not applicable to Designated Material if copies of such documents already have been obtained by the receiving party in a manner not subject to this Stipulation or prior to the execution of this Stipulation

11.  <u>Final Disposition.</u> Upon final termination of the action and at the written request of the designating or the producing person, all Designated Material and all copies thereof shall, within 30 days of such final termination, be returned to counsel for the person that produced the material or destroyed. However, counsel may retain pleadings, attorney and consultant work product, and depositions, for archival purposes.

12.  <u>Subpoenas Seeking Designated Material.</u> If any person that has obtained Designated Material under the terms of this Stipulation and Order receives a subpoena commanding the production of any such Designated Material, such person shall promptly notify the Designating Person of the service of the subpoena in order to afford. the Designating Person an opportunity to object. The person receiving the subpoena shall not produce any Designated Material in response to the subpoena without either the prior written consent of the Designating Person, or a prior order of the Court in which the subpoena was served.

13.  <u>Survival.</u> The binding effect of this Stipulation and Order shall survive termination of this Action, and the Court shall retain jurisdiction to enforce the Stipulation and

**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER**

1  Order. The terms of this Stipulation and Order shall be binding upon the Parties as a contract,

2  whether or not a judicial officer signs the Proposed Order, filed concurrently with this

3  Stipulation.

4      14.  <u>Stipulation.</u> This Stipulation shall be deemed in full force and effect until the

5  Court's approval of the terms of the stipulation in the form of an Order and even in the absence

6  of entry of said Stipulation as a Court Order and even if the Court makes any subsequent

7  modifications thereto pursuant to entry of the Stipulation as an Order.

8      IT IS SO STIPULATED.

9                                              Dated: July 24, 2020

10

11

12                                             Jacob N. Whitehead
                                               WHITEHEAD EMPLOYMENT LAW

13

14                                             Attorneys for Plaintiff
                                               ROBERT WALK

15

16                                             Dated: July 23, 2020

17

18

19                                             Andrew J. Jaramillo
                                               ALTUS LAW FIRM

20

21                                             Attorneys for Defendant
                                               UNDER ARMOUR, INC.

22

23

24

25

26

27

28

-7-

**STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER**

1

**[PROPOSED] ORDER**

2

3        For good cause shown herein, IT IS SO ORDERED.

4

5                        Dated: _____AUG 0 4 2020_____

6

7

8                        Signed: _____

9                        Hon. Donald Alvarez
                         California Superior Court Judge

10                       **KHYMBERLI APALOO**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER**



# Minute Orders

**Home**     Complaints/Parties     Actions     Minutes     Pending Hearings     Case Report     Images

Case Type: [                              ▼]

Case Number: [                    ]  [Search]

**Case CIVDS2001215 - WALK -V- UNDER ARMOUR**
**Action:** [(Choose)                    ▼]

**TRIAL SETTING CONFERENCE**
**07/14/2020 - 9:00 AM DEPT. S23**

DONALD ALVAREZ, JUDGE
CLERK: MONICA REAL-RAMOS
COURT REPORTER MARY ANDERSON 10319
COURT ATTENDANT E ASHE
-
APPEARANCES:
ATTORNEY JACOB WHITEHEAD APPEARS BY COURTCALL FOR ROBERT WALK.
ATTORNEY SHAWN NGUYEN APPEARS BY COURTCALL FOR UNDER ARMOUR, INC.
REMOTE HEARING HELD PURSUANT TO JUDICIAL COUNCIL EMERGENCY RULE OF COURT 3(A)(3)
-
PROCEEDINGS:
PREDISPOSITION HEARING HELD
HEARING CONTINUED AT REQUEST OF THE COURT.
HEARING CONTINUED FOR THE PURPOSES OF DISCOVERY.
-
HEARINGS:
CURRENT HEARING CONTINUED TO 10/13/20 AT 09:00 IN DEPARTMENT S23.
NOTICE WAIVED.
ACTION - COMPLETE
=== MINUTE ORDER END ===